# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH B. ADKINS,
   Appellant,

  v.

DEPARTMENT OF DEFENSE,
   Agency.

DOCKET NUMBER
SF-0752-16-0294-I-1

DATE: December 12, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kenneth B. Adkins, FPO, APO/FPO Pacific, pro se.

Sandra K. Whittington, Esquire, Fort Lee, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The agency removed the appellant from his position as a Store Worker, WG-04, with the Department of Defense in Sasebo, Japan, on the charge of conduct unbecoming a Federal employee.  Initial Appeal File (IAF), Tab 1 at 1, 9-11.  The charge contained 10 specifications and arose from 3 female coworkers asserting that the appellant had made inappropriate comments to them with a sexual undertone and had made sexually suggestive gestures at them.  IAF, Tab 4 at 37-39.  The agency issued a proposed removal notice to which the appellant provided a response and, on January 19, 2016, the agency issued the notice of final decision removing him from his position.  *Id*. at 19-21, 23-24, 30-31, 37-40.

¶3        The appellant filed an appeal of his removal, denying some specifications of the charge and arguing on other specifications that the women misunderstood him. IAF, Tab 1.  He raised affirmative defenses of discrimination based on race and national origin, and harmful error based on alleged unfair treatment and imposition of discipline harsher than provided by agency policy and procedure. IAF, Tab 13 at 1.  He relied on his own statements and a letter signed by several coworkers stating that they never witnessed the appellant engage in any inappropriate behavior or discussion with any other coworkers.  IAF, Tab 12 at 4-13, Tab 14 at 4-6.  The agency relied on statements from the three women

and the appellant's supervisor. The first woman, D.D., provided an unsworn statement regarding specifications 1-3. IAF, Tab 4 at 57. The second woman, M.R., provided a sworn statement regarding specifications 4-9. IAF, Tab 15 at 11-13. The third woman, D.B., provided an unsworn statement regarding specification 10. IAF, Tab 4 at 49. The appellant's supervisor, S.C., provided an unsworn statement regarding her interactions with D.D., M.R., and the appellant. *Id*. at 46-47.

¶4 Because the appellant did not request a hearing, the administrative judge issued an initial decision based on the written record. IAF, Tab 1 at 2, Tab 16, Initial Decision (ID) at 1. The administrative judge found the appellant's denials and explanations to be less credible than the women's statements and, thus, found that the agency proved its charge. ID at 5-7, 10-12. The administrative judge further found that the appellant failed to prove his affirmative defenses. ID at 12-17. The administrative judge determined that the agency's choice of penalty was within the bounds of reasonableness. ID at 18-20. The appellant has filed a petition for review challenging the administrative judge's credibility determinations and factual findings, claiming that the agency failed to correctly consider the relevant factors in imposing a removal penalty, and reasserting his affirmative defenses of discrimination and harmful error. Petition for Review (PFR) File, Tab 1. The agency has filed an opposition to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 Generally, an agency is required to prove its charges in an adverse action appeal by preponderant evidence. 5 U.S.C. § 7701(c)(1)(B). A charge of conduct unbecoming has no specific elements of proof; the agency establishes the charge by proving the appellant committed the acts alleged under this broad label. *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010). On review, the appellant argues that the agency did not meet its burden, and

generally challenges the administrative judge's credibility findings and findings of fact.  PFR File, Tab 1 at 2-3.

¶6      When, as here, no hearing was held and the administrative judge's findings were based solely on the written record, the Board will give those findings only the weight warranted by the record and the strength of her conclusions.  *Donato v. Department of Defense*, 34 M.S.P.R. 385, 389 (1987).  However, the Board will not reconsider an administrative judge's factual findings simply based on an allegation that she failed to give sufficient weight to one party's evidence or gave too much weight to the other party's evidence.  *Id*. at 389-90.

¶7      Here, the administrative judge's credibility findings were based on the written record, including statements from all witnesses and the appellant.  ID at 4-12.  She took into consideration whether the witness statements were sworn or unsworn, what motivations each witness and the appellant would have for providing a false statement, internal consistencies within each statement, and external consistencies with other statements.  ID at 5-8, 10-12.  We find that there are no other, more persuasive indicia of credibility in the record than those relied on by the administrative judge that might form a basis to reverse the administrative judge's credibility determinations.

¶8      We also find that, in making her factual findings, which were based on her credibility determinations, the administrative judge considered the evidence as a whole, drew appropriate inferences, and made well-reasoned conclusions.  ID at 3-12.  The appellant has failed to identify any specific evidence in the record that demonstrates error in the administrative judge's findings.  We find that his assertions on review amount to nothing more than a disagreement with the administrative judge's conclusions.  We find no basis to disturb these findings, which are supported by the record as explained in the initial decision.  *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions);

*Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶9　　　　The appellant also appears to argue on review that the administrative judge was biased against him because she is a woman and demonstrated an "emotional attachment [to a] certain gender." PFR File, Tab 1 at 3-4. In making a claim of bias, an appellant must overcome the presumption of honesty and integrity on the part of an administrative judge. *Protopapa v. Department of Transportation*, 14 M.S.P.R. 455, 459 (1983). The mere fact that the administrative judge does not accept the appellant's assertions or interpret testimony in the fashion the appellant claims does not constitute bias. *Id.* Here, the appellant's contention of bias is not based on any evidence of record, but rather, only demonstrates his disagreement with the administrative judge. Accordingly, we find the appellant's claim of bias to be clearly without merit.

¶10　　　　The appellant also challenges on review the agency's consideration of the *Douglas* factors when it assessed the penalty of removal. PFR File, Tab 1 at 3; *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). When all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Id.* The Board will modify or mitigate an agency-imposed penalty only when it finds the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Id.*

¶11　　　　In the initial decision, the administrative judge found that the deciding official conscientiously considered the aggravating and mitigating factors but that

the seriousness of the charge and the number of instances of misconduct outweighed the mitigating factors. ID at 19-20. She also found, and we agree, that the penalty of removal does not exceed the bounds of reasonableness. ID at 20. As explained in the initial decision, the Board has held that removal is a reasonable penalty in cases involving similar misconduct. ID at 18-19 (citing *Batts v. Department of the Interior*, 102 M.S.P.R. 27 (2006); *Viens v. Department of the Interior*, 92 M.S.P.R. 256 (2002); *Cisneros v. Department of Defense*, 83 M.S.P.R. 390, 396 (1999), *aff'd*, 243 F.3d 562 (Fed. Cir. 2000) (Table); *Pugh v. U.S. Postal Service*, 20 M.S.P.R. 326, 327 (1984)).

¶12      In his petition for review, the appellant points to specific *Douglas* factors to assert that the penalty of removal was unreasonable. He argues that he had no history of any prior discipline, the alleged incidents did not indicate poor performance, and he did not require rehabilitation. PFR File, Tab 1 at 3. The record makes clear, however, that the deciding official considered the appellant's ability to be rehabilitated and the appellant's good conduct and behavior during his reassignment during the investigation into his misconduct. IAF, Tab 4 at 19-20. Nonetheless, as both the deciding official and the administrative judge determined, any mitigating factors do not overcome the aggravating factors in this case, which include the seriousness of the charge, the appellant continuing to engage in inappropriate behavior even after being asked by coworkers to stop, and his supervisor's loss in confidence in him. *Id*. at 20; ID at 19. We agree with this determination and will not disturb the agency-issued penalty.

¶13      The appellant also reiterates his affirmative defense of discrimination based on race and national origin. PFR File, Tab 1 at 2-3. When an appellant asserts an affirmative defense of discrimination under 42 U.S.C. § 2000e-16, the Board will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015). Such a showing is sufficient to establish that the agency violated 42 U.S.C. § 2000e-16,

thereby committing a prohibited personnel practice under 5 U.S.C. § 2302(b)(1). *Savage*, 122 M.S.P.R. 12, ¶ 51.  If the appellant meets his burden, we then will inquire whether the agency has shown by preponderant evidence that the action was not based on the prohibited personnel practice, i.e., that it still would have taken the contested action in the absence of the discriminatory motive.  *Id.*  If we find that the agency has made that showing, its violation of 42 U.S.C. § 2000e-16 will not require reversal of the action.  *Id.*

¶14      The appellant alleges that two coworkers of another race were disciplined, but not terminated, for engaging in similar conduct.  IAF, Tab 14 at 4-5.  For another employee to be deemed similarly situated for purposes of an affirmative defense of discrimination based on disparate treatment, all relevant aspects of the appellant's employment situation must be "nearly identical" to that of the comparator employee.  *Ly v. Department of the Treasury*, 118 M.S.P.R. 481, ¶ 10 (2012).  Thus, to be similarly situated, a comparator must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances.  *Id.*  The administrative judge found that the supervisor who disciplined one of the alleged comparators is not the same official who proposed or decided to effect the appellant's termination.  ID at 16.  She also found that the alleged misconduct by both coworkers centered around only a single incident, as described by the appellant, whereas the appellant is alleged to have engaged in 10 different instances of misconduct.  ID at 15.  We agree with the administrative judge that the appellant failed to show that he was similarly situated to either coworker for the reasons explained in the initial decision.  ID at 15-16.

¶15      The appellant also claims that his supervisor publicly commended a Caucasian coworker for the results of an inspection for which the appellant asserts he was responsible and treated him differently than other coworkers, whose race or national origin he did not provide, regarding leave requests.  IAF, Tab 12 at 6.  The appellant's supervisor submitted a sworn statement wherein she

explained that her public commendation of the Caucasian coworker was for extra work done prior to the inspection. IAF, Tab 15 at 9. She also stated that she never attempted to rework the appellant's schedule as a result of him requesting leave as a form of discrimination and that she follows proper procedures to keep the store adequately staffed. *Id*. at 8-9. We agree with the administrative judge that the agency's explanation of these incidents is believable and does not give rise to a hint of pretext. ID at 16. Based on the foregoing, the administrative judge found, and we agree, that the appellant failed to show by preponderant evidence that either race or national origin was a motivating factor in the removal action. *Id*.; *see Savage*, 122 M.S.P.R. 612, ¶ 51.

¶16        The appellant also generally contends that the agency failed to follow policy and procedure in terminating him, that he was not treated fairly and equitably, and that he was not warned of the allegations before discipline was imposed. PFR File, Tab 1 at 3-5; IAF, Tab 1 at 5, Tab 11 at 4-5. The administrative judge found, and we agree, that there is no evidence that the agency failed to follow its own policy and procedure or that the appellant was not treated fairly. ID at 17. Further, although the appellant alleges that he was not properly warned of the allegations, the record is clear that he had an opportunity to respond to the proposal and that he availed himself of that opportunity. IAF, Tab 4 at 23-40; *see Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (providing that a tenured public employee is entitled to prior notice and an opportunity to respond before being deprived of a property right in continued employment).

¶17        To the extent that the appellant is arguing that he should have been warned about his behavior prior to the proposal notice and that a failure to do so constitutes harmful error, he has failed to identify any law, rule, or regulation showing that the agency was obligated to provide such a warning. The record shows that the appellant received equal employment opportunity training in 2014 and 2015, and was familiar with the agency's policy regarding sexual harassment

in the workplace. IAF, Tab 4 at 20, 61, 67. We find that the appellant should have known that his conduct, which included at least three instances of inappropriate physical contact and several other instances of inappropriate comments and sexually suggestive gestures, was inappropriate and did not require any preliminary warning prior to the issuance of the proposed removal notice.

¶18    Next, the appellant argues on review that he was not given a fair opportunity to identify and address the issues at the prehearing conference.[2] PFR File, Tab 1 at 2. The appellant has failed to assert what issues he would have raised in a prehearing conference that he was not able to raise. However, even if he had, the appellant had an opportunity to raise any such issue. On April 18, 2016, the administrative judge conducted a close of record conference during which the issues were thoroughly discussed. IAF, Tab 10. That conference resulted in an order summarizing the matters covered during the conference and provided both parties with an opportunity to submit any objections to the accuracy of the summary. *Id*. The appellant did not submit any objections. Based on the foregoing, we find the appellant's allegation to be without merit. *See Mosby v. Department of Housing & Urban Development*, 114 M.S.P.R. 674, ¶ 8 (2010) (stating that, ordinarily, an appellant is deemed to have abandoned an affirmative defense if it is not included in the list of issues in a prehearing conference summary and the appellant was afforded an opportunity to object to the conference summary but did not do so).

¶19    We have considered the appellant's arguments on review but have concluded that a different outcome is not warranted. Accordingly, we affirm the initial decision.

---

[2] Because the appellant did not request a hearing, he was not entitled to a prehearing conference but rather a close of record conference.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  Title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C. § 7702(b)(1)).   If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you

do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 794a.


FOR THE BOARD:                            _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.